Gholson, J.
The determination of the questions presented in this case, requires an examination of the act of 15th February, 1844.
That act purports, from its preamble, to have been enacted in answer to a petition of the stockholders of the Bank of Wooster, praying to be restored to certain rights and privileges, once enjoyed, but which restrictive laws had taken away, or rendered unavailable, and at the same time expressing a willingness to be subjected to individual and personal liability. The act may be properly regarded as an amendment of the charter of the Bank of Wooster, offered to the stockholders for their acceptance. The most material amendment was contained in the second section; it personally affected the stockholders, and the assent required of them had special reference to that section. The section, however, was not confined in its operation to the stockholders,'but when the then stockholders should signify the required assent, it became a part of the charter, and applied to all future stockholders. The result would be, that, the amendment to the charter being accepted, any person who, after the 1st of March, 1844, became a stockholder in the bank, became liable, in his individual and private capacity, for every valid claim against the bank.
*78 If the question be, whether the act of 15th February, 1844, was accepted by the Bank of Wooster, as an amendment to its charter, then such an acceptance may be presumed from the acts of those interested, although the prescribed form of acceptance was not pursued. And such acts may constitute an estoppel conclusive upon those who participate in them. This principle was recognized as to the acceptance of an original charter, in the case of Callender v. Painesville and Hudson R. R. Co., 11 Ohio St. Rep. 516, 526, and on principle and authority it equally applies to the acceptance of an amendment to a charter. In the case of Commonwealth v. Cullen, 13 Pa. St. Rep. 133-140, it is said : “ In this country, where private corporations, are very numerous, and constant use of their privileges naturally engenders indolence in the creation of regular evidence of corporate acts, and negligence in its preservation, the recognition of presumptions, as legitimate sources of proof, was a legal necessity; while", therefore, a charter granted to' persons who have not solicited it, is said to be in fieri until after acceptance, yet it is not indispensable to show a written instrument, or even a vote acceding to the grant, for, unless the charter expressly prohibits it, every formality will be presumed, from a continual exercise of the corporate powers. This is also true of an assent to a new oi; additional charter by an existing corporation, which may, in like manner, be inferred from acts or omissions inconsistent with any other hypothesis.” And numerous authorities are cited.
A strong illustration of the wisdom of this rule may be drawn from the present case. Assuming that a written declaration of assent was filed as the assent of the stockholders, though some of them did not in fact assent,.or unite in the declaration, and thereupon the bank, under directors chosen by the stockholders who did assent, proceeded with its business, using and enjoying the rights and privileges which the amended charter conferred, and obtaining credit and circulation for its notes on the faith of the security which a provision of that charter afforded, is it to be supposed that the legislature intended, that those stockholders should escape liability to the holders of those notes, by showing that assent was not *79 given by each and all of the stockholders ? We can not agree that such was the intention of the legislature, but on the contrary, we think, as has been intimated, that the act was an amendment of-the charter of the bank, offered to the stockholders for their acceptance, but that such acceptance though required in a prescribed mode, must be governed by the rule applicable in like case — a rule, under the operation of which the stockholders, who do assent and through their directors carry on the business of the bank under the amended charter, are estopped from denying that the prescribed form was adopted, or that each and all of the stockholders did not assent.
The law protects any stockholder who, his assent being requisite to the amendment of a charter, has not assented. If a personal charge is sought to be fixed upon him by virtue of such amended charter, he may deny that he assented — he is not concluded by any presumption arising from the acts of the other corporators or the corporate body. If his interest in the corporation, or rights as a stockholder will be affected by acting under the amended charter before it is accepted in the prescribed mode, he may invoke the aid of the state in a quo warranto, or, in an action by himself, the power of a court to restrain. But it can not be permitted that a corporator, though his assent be in the first instance required, shall stand by and consenting to the progress of a corporation under a charter, and then when his interest may so require, set up either as a claim or a defense, that, for want of his direct assent, the grant of the charter was not effective,, and the acts done were illegal.
Such being our view of the act of 15th February, 1844, we have to consider, whether the petition states facts sufficient to show that a liability under it has attached to the defendants? We do not think that the petition states an acceptance of the amendment in the mode prescribed by the statute. It can not by any fair construction be held as averring that each and all of the stockholders united in a written declaration of assent. But the averment that a written declaration was filed by the defendants and others claiming to be stockholders' *80 which was accepted and filed, taken in connection with the succeeding averment, that the corporation after such filing “ exercised and enjoyed all the privileges and immunities and • exemptions secured to them by said amendatory act, so accepted by them, and under- said laws paid, received, issued, and put into circulation its bills and notes as money, by and with the knowledge and consent of said defendants, and so ■ continued until the 28th day of February, A. D. 1848,” we regard as sufficient to charge the defendants. The averments sufficiently show that a declaration of assent was filed, and, whether perfect or not, was regarded as an acceptance, and acted upon as such, by the bank and those who managed and controlled its business, including stockholders and directors. This, in view of the principles we have stated, must suffice to charge those stockholders who consented to such action on the part of the bank.
It is objected, that the averment should show the particular acts the bank did, so that the court might decide as a question of law under which statute they were acting. But, we think, in such a case, a general averment as to the course of its business will suffice. The course of business pursued by the bank would show whether it was acting under the amended charter, and it would be neither proper nor.necessary that the various details, showing what the course of business was, should be stated in the pleadings. We do not think it can be supposed, that the business would have progressed in the same manner, whether the amendment had been accepted or not, as is suggested by the counsel for the defendant, in view of the admission of the stockholders in their petition to the legislature, that, without relief from -restrictive laws the bank would be unable to transact business.
It might be claimed that the averment of knowledge and consent on the part of the defendants was confined to the immediate antecedent — the issuing of bills and notes as money — but we think the intention and object of introducing the averment sufficiently shows that it ought not to be so limited. It has been said, that “ every corporator must be pre *81 sumed to be conversant of that which has recently taken place-in the corporation of which he is a- member, unless he shows-the contrary.” The King v. Slythe, 6 B. & C. 240-243. If this be a correct rule, it would authorize us to construe liberally any averment of such knowledge.
Eor the reasons which have been given, we think the petition sufficient and that the demurrer must be overruled.

Demurrer to petition overruled and case remanded for further proceedings.

Scott, O.J., and Peck and Brinkerhoee, JJ., concurred.